KOGAN, Justice.
We have for review an appeal from order number 17443 issued April 21, 1987, by the Florida Public Service Commission. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.; §§ 350.128 and 364.381, Fla.Stat. (1987). We affirm the order.
This case arose from a Commission order issued in 1983 implementing an access services tariff[1] on long-distance interex-change carriers, such as appellant, who resell wide area telephone service. The access charge applied only to those carriers who provided this service using trunk-side connections to access the switching equipment of local exchange telephone companies, such as Southern Bell Telephone and Telegraph Company. The Commission fashioned a proration formula to reflect that the access charge was deferred on carriers using line-side connections. Southern Bell was directed to compile and file a single industry-wide tariff in which each of the other local exchange companies concurred.
The order followed a nine-day hearing involving twenty-six parties, including appellant. No one appealed the order, but two and a half years later Southern Bell sought to revise the tariff. In the course of examining Southern Bell’s proposed revisions, the Commission discovered an error in the original tariff sheets which inadvertently applied the proration to trunk-side connections as well as the applicable line-side connections. As a result, appellant and others were paying too little. In order number 16687 issued October 6, 1986, the Commission denied Southern Bell’s proposed revisions and adopted a staff recommendation that required Southern Bell to file corrected tariff sheets.
Although appellant was notified of the proposed revisions and staff recommendation, it chose not to appear at the agenda conference when the revisions were considered. Sixteen days after order number 16687 had been issued and the docket had been closed, appellant filed a petition for a hearing. Appellant argued that order number 16687 was a new agency action affecting its substantial interests and thus entitled appellant to a hearing. It was not until February 10,1987, that appellant petitioned for oral argument.
The Commission rejected appellant’s arguments in order number 17443. First, it said order number 16687 merely enforced a previous decision upon which a hearing already had been held, so there was no new agency action and no hearing was required. Second, it said appellant had not complied with Rule 25-22,058(1), Florida Administrative Code, and denied its request for oral argument.
We agree with the Commission that appellant is not entitled to a hearing regarding order number 16687. Section 120.-57(1), Florida Statutes (1985), requires an agency to provide a party whose “substantial interests” are affected by the agency’s actions with an opportunity to request a hearing. The action taken in order number 16687 to which appellant objects did not establish a new tariff or represent a new Commission action affecting appellant’s substantive rights. Nor did it represent a modification or amendment to the earlier decision, as appellant asserts. The order was issued in response to a proposed revision in the access tariff rates filed by Southern Bell which, upon review by the Commission, revealed an error in the tariff rates currently charged. While denying the revision as inconsistent with the tariff previously set in 1983, the Commission also directed the local exchange telephone companies to correct the error and conform their rates to reflect the Commission’s decision in its 1983 order.
We do not view the reinstatement of the original tariff rates set in 1983 as new agency action. The Commission’s action was merely a directive ordering compliance *700 with the access rates previously authorized in 1983, issued when it denied Southern Bell’s proposed revisions. The directive resulted in no substantive change from the policy the Commission originally voted to adopt in 1983. In fact, appellant was informed that a recommendation had been submitted to the Commission advising it to reinstate the 1983 tariff rates when it was notified of the September 1986 agenda conference. Because appellant must now pay an increased charge as a result of compliance with the previously authorized access rate, the tariff is not transformed into a new access rate constituting new agency action that entitles appellant to a hearing under section 120.57(1). The Commission’s directive now places appellant in the position in which it would have been had the access tariff rates been correctly filed.
We agree with the Commission’s observation that any adverse effect on appellant due to the correction of the tariff rates results from the Commission’s original decision in 1983, which imposed different access rate requirements for trunk-side access. The formal hearing on the merits of the decision in order number 16687 was held in 1983 when the charges to be levied for long-distance telephone access were originally set. At the time this decision was made, appellant was a party to the proceedings and participated in the hearings which established the disparate treatment. The Commission’s failure to discover the incorrect access tariff provision at the time the tariff was originally filed does not now entitle appellant to another hearing on the imposition of the Commission’s previously authorized rate. Once the error was discovered, the Commission had the power and the duty to order compliance with its original decision.
Next we turn to appellant’s request for oral argument. Rule 25-22.058(1), Florida Administrative Code,[2] requires the request for oral argument to be filed with the pleading upon which argument is requested, otherwise it is waived. Appellant filed its pleading, the petition for hearing, on October 22, 1986. The request for oral argument was not filed until February 10, 1987. Thus it was proper for the Commission to deny appellant’s request because it was inconsistent with the requirements of the rule.
Not only was appellant’s request for oral argument procedurally flawed, but appellant raised no issues in its petition for hearing that were not previously raised and considered during formal hearings in 1983. We are not persuaded that granting appellant’s request for oral argument would have aided the Commission in its determination.
Because we have determined that no new action has taken place with respect to the rate structure established in 1983, appellant’s arguments that the Commission violated the notice requirements of section 364.05, Florida Statutes, and that the Commission failed to provide appellant with a clear point of entry into the administrative process are misplaced. Likewise, appellant’s argument that the doctrine of administrative finality precludes a modification or amendment to the 1983 order is inapplicable since no modification or amendment was effected.
Accordingly, order number 17443 is affirmed.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, SHAW, BARKETT and GRIMES, JJ., concur.

. An access charge is compensation from long-distance carriers to local exchange telephone companies for use of the local network to originate and terminate a call.

. Florida Administrative Code Rule 25-22.-058(1) provides:
The Commission may grant oral argument upon request of any party to a § 120.57 formal hearing. A request for oral argument shall be contained on a separate document and must accompany the pleading upon which argument is requested. The request shall state with particularity why oral argument would aid the Commission in comprehending and evaluating the issues raised by exceptions or responses. Failure to file a timely request for oral argument shall constitute waiver thereof.